IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROGER ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-CV-168 |
| | ) | |
| CHAIRMAN, FEDERAL DEPOSIT INSURANCE CORPORATION and CHAIRMAN, U.S. MERIT SYSTEMS PROTECTION BOARD, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, Roger Elliott, brings this lawsuit against unnamed individuals who chair the Federal Deposit Insurance Corporation and the U.S. Merit Systems Protection Board, alleging that the FDIC and the MSPB libeled and slandered him when the FDIC intentionally gave false reasons for terminating Mr. Elliott's employment, which the MSPB included in its decision denying Mr. Elliott's claim for wrongful termination. The defendants' motion to dismiss will be granted.

First, the Court does not have subject matter jurisdiction because the governmental defendants have not waived sovereign immunity against defamation claims, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that "[s]overeign immunity is jurisdictional in nature" and that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); 28 U.S.C. § 2680(h) (intentional tort exception to the Federal Tort Claims Act); *Shirvinski v. U.S. Coast Guard,* 673 F.3d 308, 316 (4th Cir. 2012) (noting that the FTCA preserves sovereign immunity against defamation actions).

Second, Mr. Elliott's claim is barred by res judicata.  He has filed many unsuccessful lawsuits making the same factual claim that the FDIC intentionally made false statements as part of a scheme to unlawfully terminate his employment, *see* Docs. 10-2 through 10-8, and his libel and slander claims here are precluded, at the least, by the final judgment in *Elliott v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001); *see* Doc. 2.

Mr. Elliott makes a passing reference to due process in his complaint.  Doc. 1 at ¶ 2 (alleging that the decision of the MSPB "prove[s] fraud by FDIC and MSPB to prevent due process.").  But district courts "cannot be expected to construct full blown claims from sentence fragments" in pro se complaints, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), and even if the court were to construe the passing reference to due process in the complaint as a § 1983 or *Bivens* claim, it would be barred by, *inter alia*, res judicata.  *Elliot v. Chairman of United States Merit Sys. Prot. Bd.*, No. 119CV01111RDAIDD, 2020 WL 973752, at *6 (E.D. Va. Jan. 17, 2020) (dismissing constitutional claims by Mr. Elliott against the defendants here for lack of subject matter jurisdiction based on sovereign immunity).

In his complaint, Mr. Elliott cites Federal Rule of Civil Procedure 60(b)(4) as the basis for federal question jurisdiction.  In his brief, he contends that the court has jurisdiction because the previous decisions against him were wrong; that the MSPB judgment "can be attacked at any time in any court, per The First Amendment of the U.S. Constitution;" and that res judicata does not apply because "not even 21 years of unconstitutional dismissals outweigh the intent of the United States Constitution and Federal Rule of Civil Procedure 60(b)(4)."  Doc. 15 at 3.

2

Case 1:20-cv-00168-CCE-LPA   Document 16   Filed 04/28/20   Page 2 of 4

These arguments by Mr. Elliott have largely been rejected with a full explanation by at least one other court, *Elliot*, 2020 WL 973752, at *5-8 (E.D. Va. Jan. 17, 2020), and are frivolous. A judgment is not void simply because it is or may have been erroneous. *United Student Aid Funds, Inc. v. Espinsoa*, 559 U.S. 260, 270 (2010). Mr. Elliott provides no citation to any case or statute that supports his constitutional arguments, and it is not the role or responsibility of the Court to undertake the legal research needed to support a perfunctory argument, *see Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), especially when they are obviously without merit as framed. Finally, while Rule 60(b)(4) authorizes a court which enters a judgment to provide relief under certain circumstances, it does not give rise to a separate cause of action in a different court or to federal question jurisdiction in another district court. *See Espinsoa*, 559 at 270-271 (discussing limited nature of relief available under Fed.R.Civ.P. 60(b)(4)).

The defendants' motion for a pre-filing injunction, Doc. 11, remains under advisement. Mr. Elliott appears to be an experienced litigant who is already subject to a pre-filing injunction entered by another court. *Elliot v. Chairman of United States Merit Sys. Prot. Bd.*, No. 119CV01111RDAIDD, 2020 WL 973752, at *11 (E.D. Va. Jan. 17, 2020). Nonetheless, Mr. Elliott failed to respond to the motion for pre-filing injunction.

Out of an abundance of caution, since the motion for pre-filing injunction was not mentioned in the *Roseboro* letter sent to Mr. Elliott, *see* Doc. 13, and because a pre-filing injunction is a serious matter, the Court grants Mr. Elliott leave to file a brief and evidence in opposition out of time, on or before May 15, 2020. The brief is subject to the same page limits as any other brief. *See* L.R. 7.3(d). Mr. Elliott is advised that the

defendants are seeking to limit his access to the courts and the court is giving serious consideration to the motion.  Mr. Elliott is warned that if he files a brief which contains frivolous arguments or arguments unsupported by citation to legal authority, the Court may take that into account in ruling on the motion for pre-filing injunction and he is given notice that in addition to the relief requested by the defendants, the Court is considering a pre-filing injunction which would prohibit him from filing any claims in any United States District Court concerning the FDIC's 1999 decision to terminate his employment and the MSPB's affirmation thereof, without leave of court.

It is **ORDERED** that:

1. The defendants' motion to dismiss, Doc. 9, is **GRANTED**.

2. Judgment will be entered as time permits.

3. The plaintiff Roger Elliott is allowed to file a brief and evidence in opposition to the defendants' motion for pre-filing injunction on or before May 15, 2020, subject to the page/word limits in LR 7.3(d).  Mr. Elliott is **WARNED** that if he includes in such a brief frivolous arguments or arguments unsupported by citation to legal authority, the Court may consider that as support for granting the motion for prefiling injunction.

4. If the plaintiff files a brief in opposition, the defendants may file a reply brief no later than ten days thereafter, subject to the word limits in the Local Rules.

This the 28th day of April, 2020.

_____
UNITED STATES DISTRICT JUDGE